# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA EASTERN DISTRICT COURT OF FRESNO,<br><br>　　　　　　Respondent.<br>_____/ | 1: 07 CV 01723 LJO  WMW HC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court."  This court has conducted a preliminary review of the petition and finds that it must be dismissed.

　　　　This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition

1  is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and
2  where "the relief he seeks is a determination that he is entitled to immediate release or a speedier
3  release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil
4  rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the
5  conditions of that confinement.   In this case, Petitioner is not challenging his conviction, but rather
6  is challenging the imposition of filing fees in this court.   Accordingly, the proper vehicle for
7  Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

  Based on the above, IT IS HEREBY ORDERED as follows:

1)  The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2)  The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   February 28, 2008**     /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE